IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 AUG 21 PM 3: 40

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JERRELL R. LANCE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| RODNEY DILLARD, | ) |
| | ) |
|     Intervenor-plaintiff, | )    CIVIL ACTION NO. |
| | ) |
| v. | )    00-AR-0920-S |
| | ) |
| LOCAL 1657, UNITED FOOD AND | ) |
| COMMERCIAL WORKER | ) |
| INTERNATIONAL UNION, et al., | ) |
| | ) |
|     Defendants. | ) |

ENTERED

AUG 21 2001

### MEMORANDUM OPINION

Before the court is the motion for summary judgment of defendants, Local 1657, United Food and Commercial Worker International Union ("The Union"), and its president, George L. Seidenfaden Sr. ("Seidenfaden"). Plaintiff, Jerrell R. Lance ("Lance"), and intervenor-plaintiff, Rodney Dillard[1] ("Dillard"), bring this action against the Union and Seidenfaden alleging violations of the Fair Labor Standards Act. Lance and/or Dillard seek reimbursement for telephone expenses, payment for car allowances withheld during sick leaves and vacations, overtime pay, reinstatement and back pay and costs and fees. For reasons set out

---

[1] Sue Elsberry intervened as a plaintiff with Dillard, but this court deleted her from this action on June 23 upon her motion after she was promoted to a management position within the Union.

in this opinion, this court will grant defendants' Rule 56 motion as it concerns plaintiffs' claim for overtime compensation and deny the remainder of the motion.[2]

## Summary Judgment Standard

Rule 56(c), F.R.Civ.P. provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The Supreme Court has emphasized that this language means exactly what it says: there must be a *"genuine* issue of *material"* fact, not merely some factual dispute.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510 (1986)(emphasis in original).  What this standard means in practice is that "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511 (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575 (1968)).

## Background

Lance has worked for the Union since 1975 as a Business Agent,

---

[2] In reaching its decision, this court did not rely on any of the affidavits that the Union and Seifenfaden moved this court to strike on July 6, 2001.

and Dillard has worked as a Business Agent since 1995. Their responsibilities consist primarily of recruiting, and serving as a liaison for, members of the local Union.  Since at least 1995, and ending in 2000, Seidenfaden, President of the local, has required all business agents to sell tickets to what is called the "Active Ballot Club" ("ABC"), a political action committee of the parent International Union.  Lance and Dillard allege that Seidenfaden required every Business Agent to remit to the Union money equal to his quota of tickets, regardless of whether he was able to sell all of his tickets.  Lance and Dillard further allege that if any Business Agent sold less than his quota of tickets, the Agent's only option was to make up the shortfall out of his own pocket. Lance and Dillard allege that because they neither sold all of their tickets nor purchased them themselves, Seidenfaden suspended them for one day without pay.  Lance, Dillard and Sue Elsberry complained to the United States Department of Labor, which informed Seidenfaden of the illegality of his actions.  Shortly thereafter, the Union reimbursed the employees the pay it had docked them during the suspensions.

Lance and Dillard allege that Seidenfaden retaliated against them for complaining to the Department of Labor.  Specifically, Lance and Dillard allege that Seidenfaden unjustly reprimanded them, eliminated the automobile allowance for weeks when an employee was sick or on vacation, required Lance to pay for long

distance business calls made while on sick leave and transferred Lance to Mobile, a transfer that Lance contends was calculated to and did in fact force Lance to resign.

## Discussion

The court will first consider the Union's summary judgment motion as it relates to the allegation that the one day suspension vitiated the salary exception to the overtime pay requirement as per 29 C.F.R. § 541.118(a)(6).   Lance and Dillard argue that because the Union suspended them with pay for a violation of a rule other than a major safety rule, in violation of 29 C.F.R. § 541.118(a)(6), they are no longer salaried employees.  Because they are no longer salaried employees, the argument continues, the Union is required to pay them time and a half for every hour beyond 40 hours a week that they have worked.  Lance also cites a change in the automobile reimbursement policy, the new requirement that Business Agents sign in and out of the office and the forced purchases of ABC tickets as proof that the Business Agents are now hourly employees.

The pertinent part of 29 C.F.R. § 541.118 (a)(6) reads, "where a deduction not permitted by these interpretations is inadvertent, or is made for reasons other than lack of work, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future."

The Union seeks the protection of the condition following the word "or", claiming that the deduction was made for a reason other than lack of work, that the employees have been reimbursed, and that the employer has promised to comply in the future.

Lance and Dillard never allege that the deduction was for "lack of work." Rather, they claim that the deduction was a penalty for not selling their quota of ABC tickets. Such a penalty is a reason other than "lack of work." The Union alleges that the deduction was for a reason other than "lack of work." Therefore, both parties agree that the deduction was for a reason other than lack of work. There is no dispute of fact on this issue. Secondly, all parties agree that the suspended employees were reimbursed for the withheld pay.[3] Finally, the Union has agreed to "comply in the future." Lance and Dillard do not dispute that the Union has so agreed. There is no dispute of facts concerning whether the Union has met all three prongs of this test.

Lance and Dillard argue that the Union's implementation of policies requiring Business Agents to sign in and out of the office and suspending the automobile allowance for weeks during which Business Agents were on vacation or sick leave converted Business Agents to hourly employees. Because Lance and Dillard neither

---

[3] To be sure, Lance maintains that he has not been reimbursed for tickets he claims he was unjustly required to purchase. Because this allegation concerns the propriety of Seidenfaden's decision to punish Lance, and not whether he has been reimbursed for the one day suspension, it is not relevant to whether Lance has been reimbursed for the one day suspension.

allege nor offer evidence to prove that their compensation was adjusted based upon the number of hours they were signed in to the office, this requirement in no way advances their argument that they are hourly employees.   Also, Lance and Dillard ask if the change in the automobile reimbursement policy violates the salaried status of the Business Agents but neither argue that it does nor offer any proof.[4]   More is required of Lance and Dillard to defeat the Union's motion for summary judgment on this issue.

Because there is no dispute over the facts concerning the Union's satisfaction of all three prongs of the second half of 29 C.F.R. § 541.118(a)(6), summary judgment in favor of the Union is due to be granted on Lance and Dillard's claim that they are hourly employees due to receive overtime compensation.   Having found that the Union meets the criteria of the second half of 29 C.F.R. § 541.118 (a)(6), the court need not consider whether the deduction was inadvertent.

The court will next consider the Union's summary judgment motion as it relates to Lance and Dillard's allegation that the Union retaliated against them for complaining to the Department of Labor about the one day suspension.

Lance and Dillard allege that, in violation of 29 U.S.C. § 215(a)(3), the Union took a number of adverse actions against them and other Business Agents because they and Elsberry complained to

---

[4] Plaintiff's Brief in Opposition to Summary Judgment at 31.

the Department of Labor about the one day suspension.  They list as actions applicable to the both of them unjustified write-ups, and a change in the automobile reimbursement policy.  They further complain that Lance was forced to reimburse the Union for long distance business calls made while on sick leave, and was transferred to Mobile, which ultimately forced Lance to resign.

The Union's response is that all of these actions were sanctioned by the Collective Bargaining Agreement, or were within the discretion of Seidenfaden as president of the Union.  Though this may be true, the Union's argument misses the point.  The issue is not whether Seidenfaden is prohibited by the Collective Bargaining Agreement from taking the actions he took, but rather whether he took them in retaliation for the Department of Labor complaint.  To restate, whether the Collective Bargaining Agreement allowed Seidenfaden to change the automobile reimbursement policy would be relevant if Lance and Dillard were bringing an action charging breach of the Collective Bargaining Agreement.  Because, though, Lance and Dillard are asserting a claim under FLSA's anti-retaliation provision, contractual permission to take an action does not absolve that action of § 215(a)(3) retaliation liability.

The question is whether, in the language of *Anderson,* Lance and Dillard have mustered sufficient evidence for a jury to return a verdict for them.  *Anderson* 477 U.S. at 247-248.  In order to assert a prima facie case for 29 U.S.C. § 215(a)(3) retaliation, a

7

plaintiff must demonstrate "(1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F. 3d 1337, 1342-43 (11th Cir. 2000) (internal citations and punctuation omitted).

This court finds that Lance and Dillard have proffered enough evidence to create a genuine dispute of material fact as to whether they engaged in a protected activity, specifically, that they called the Department of Labor, Wage and Hour Division, to complain about the one day suspension. This court also finds that Lance and Dillard have proffered enough evidence to show they subsequently suffered adverse action by the employer, specifically, write-ups, a change in the automobile reimbursement policy, a requirement that Lance pay for long distance business calls made while on sick leave and a transfer to Mobile, which ultimately forced Lance to resign.[5] Finally, this court finds that Lance and Dillard have met the third requirement and proffered enough evidence to allow a reasonable finder of fact to conclude that the Union took the adverse actions against Lance and Dillard in response to the protected activity. For example, Lance has testified that Seidenfaden stated "if I can't suspend you, then I will terminate you." This statement is

_____

[5] This finding does not bear upon Lance's constructive discharge claim, addressed *supra*.

8

not inadmissible as hearsay because it is an admission by a party opponent.   FED. R. EVID. 801(d)(2).   Lance and Dillard have met their burden to create a dispute as to whether the excuses offered by the Union are pretextual.   This aspect of the summary judgment motion is due to be denied.

The Union argues that because it took some adverse actions against Lance and Dillard even before they complained to the Department of Labor, subsequent actions could not have been made in retaliation.   Previous adverse actions against Lance and Dillard, whether or not justified, will not excuse subsequent retaliatory actions.   They may even be admissible as proof of a pattern of retaliation.   The Union also argues that because the change in the auto allowance applied to everyone, it could not have been motivated by a desire to harm Lance.   This argument is flawed because a retaliator may have enough animus against his target so that he is even willing to use means that harm innocent bystanders.

One of the retaliatory acts cited by Lance is Seidenfaden's transfer of Lance to Mobile.   Lance claims that Seidenfaden transferred him to Mobile as an act of retaliation, and that the transfer was adverse because Lance was suffering from mental and physical health problems that would render a permanent move to Mobile intolerable.   Further, Lance claims that Seidenfaden knew of these problems.   The court construes Lance's claim not as asserting a separate constructive discharge action but rather as alleging

that his constructive discharge was one more act of retaliation by Seidenfaden. The court will not grant summary judgment for the defendants on this aspect of Lance's action.

In summary, Union and Seidenfaden's motion for summary judgment will, by separate order, be granted on Lance and Dillard's 29 C.F.R. § 541.118(a)(6) claim for back overtime compensation. In all other respects, the summary judgment motion will be denied.

DONE this 2ⁿᵈ day of August, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE